UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISAAC O.Z. COLEMAN,  <br><br>     Plaintiff,  <br><br>     v.  <br><br>UPS SUPPLY CHAIN LOGISTICS, et al.,  <br><br>     Defendant. | CASE NO. C11-1634-MAT  <br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## INTRODUCTION

Plaintiff proceeds pro se in this personal injury lawsuit removed to this Court based on diversity. Plaintiff alleges that, while working as a temporary employee for defendant UPS Supply Chain Logistics (UPS), he was injured by a forklift driven by a UPS employee. (Dkt. 19-1 at 11.) Defendant moves for dismissal of plaintiff's claims on summary judgment. (Dkt. 18.) Plaintiff did not respond to the motion. The Court deems plaintiff's failure to oppose the motion to be an admission that defendant's motion has merit. *See* Local Civil Rule 7(b)(2). Having considered the pending motion and the remainder of the record, the Court

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
PAGE -1

further finds defendant entitled to dismissal of plaintiff's claims on summary judgment.

## BACKGROUND

On January 12, 2009, plaintiff worked at defendant's distribution warehouse as a forklift driver. (Dkt. 18 at 2; 19-1 at 11.) Plaintiff purportedly injured his right shoulder while shrink-wrapping a pallet of products. (*Id.*)

Plaintiff alleges in his complaint that as he "came around the pallet, he was struck on the right shoulder by the clamp attachment of a forklift operated by" defendant's employee. (Dkt. 19-1 at 11.) Plaintiff avers "[t]hat defendant UPS and its employees, owed plaintiff a duty to exercise reasonable care," and they breached that duty by "caus[ing] injuries and damages" to plaintiff. (*Id.*) He states that he "was not in any way at fault for this incident." (*Id.*)

Defendant deposed the forklift operator and a third party witness to the incident. (Dkt. 18-1.) The deponents testified that the forklift was stationary with the parking brake on at the time of plaintiff's injury. (Dkt. 18-1 at 15, 25, 34.) Both also testified that plaintiff walked into the forklift clamps, then continued wrapping the pallet. (Dkt. 18-1 at 8, 25, 28, 34.)

## DISCUSSION

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  The moving party must carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden of persuasion at trial.  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden then shifts to the nonmoving party to establish a genuine issue of material fact.  *Matsushita*, 475 U.S. at 585-87.  The opposing party "must present significant probative evidence tending to support its claim or defense."  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (internal quotations and citation omitted).  In supporting a factual position, a party must "cit[e] to particular parts of materials in the record . . .; or show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

Plaintiff here presents a claim of negligence.  To establish negligence under Washington law, plaintiff must show duty, breach, causation, and damages.  *McKown v. Simon Prop. Group Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012) (citing *Nivens v. 7-11 Hoagy's Corner*, 133 Wn.2d 192, 198, 943 P.2d 286 (1997)).  *Accord Keller v. City of Spokane*, 146 Wn.2d 237, 242, 44 P.2d 845 (2002).  Defendant notes an absence of evidence showing the scope of duty owed plaintiff, how that duty was breached, and how any such breach proximately caused plaintiff's injury.  Defendant further sets forth evidence negating plaintiff's contention of negligence, including witness testimony that the forklift was stationary at the time of the incident, that plaintiff walked into the forklift clamps, and that plaintiff subsequently proceeded

with his work. (Dkt. 18-1.)

Plaintiff failed to respond to defendant's motion and has not otherwise submitted to the Court any medical records, witness statements or depositions, or other evidence supporting his contentions. Indeed, other than plaintiff's uncorroborated assertions, there is no evidence suggesting defendant caused plaintiff's injury. Rather, the evidence on record supports the conclusion that plaintiff's own actions caused his injuries. (*See id.*)

The Ninth Circuit Court of Appeals "has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving'" statements. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)). Nor can the nonmoving party "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). *See also* Fed. R. Civ. P. 56(e)(2), (3) (where a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the Court may consider the fact undisputed or grant summary judgment). Here, plaintiff fails to provide any significant probative evidence supporting his claim, and his unsupported and conclusory allegation of negligence is subject to dismissal on summary judgment.

## CONCLUSION

In sum, the Court finds an absence of a dispute as to any material fact and defendant entitled to judgment as a matter of law. Accordingly, the Court GRANTS defendant's motion

01 for summary judgment (Dkt. 18) and DISMISSES this matter with prejudice.[1]  The Clerk is

02 directed to send a copy of this Order to the parties.

03       DATED this <u>6th</u> day of December, 2012.

05                                               Mary Alice Theiler

06                                               United States Magistrate Judge

---

22   [1]  Defendant's motion to compel an independent medical examination (Dkt. 19) is STRICKEN as moot.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
PAGE -5